IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JERRY EDWARD YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:18-cv-182 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Jerry Edward Younger's ("Plaintiff") Complaint, ECF No. 1, filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("the Commissioner"), denying Plaintiff's claim for Supplemental Security Disability Income ("SSDI") under the Social Security Act ("SSA"). Plaintiff filed a Motion for Summary Judgment and memoranda in support, ECF Nos. 10-11, and the Commissioner filed a cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment and supporting memorandum, ECF Nos. 13-14, which are now ripe for recommended disposition.

This action was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs submitted by the parties, the undersigned makes this recommendation without a hearing pursuant

1

to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment, ECF No. 10, be **DENIED**, the Commissioner's Motion for Summary Judgment, ECF No. 13, be **GRANTED**, the final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED WITH PREJUDICE**.

## I. PROCEDURAL BACKGROUND

On July 9, 2014, Plaintiff filed an application for SSDI, alleging an onset date of disability of June 1, 2013. R. at 14.[1] His application was denied initially and again upon reconsideration. R. at 14, 53-62. Plaintiff then requested a hearing before an Administrative Law Judge which was conducted on November 8, 2016. R. at 28-52. On April 3, 2017, Administrative Law Judge Stewart Goldstein ("ALJ") issued a written decision denying Plaintiff's SSDI application. R. at 11-23.[2] Plaintiff then filed a request with the Appeals Council to reconsider the ALJ's decision, which was denied by the Appeals Council on August 9, 2017, thereby making the ALJ's decision the Commissioner's final decision. R. at 1-5.

Having exhausted his administrative remedies, on April 4, 2018, Plaintiff filed a Complaint in this Court seeking judicial review of the Commissioner's final decision. ECF No. 1. The Commissioner filed an Answer on June 5, 2018. ECF No. 5. The matter was referred to the undersigned U.S. Magistrate Judge ("the undersigned") on June 11, 2018. Plaintiff then filed his Motion for Summary Judgment and supporting memorandum on July 11, 2018, ECF Nos. 10-11, and the Commissioner filed a cross-Motion for Summary Judgment and supporting memorandum

---

[1] "R." refers to the certified administrative record that was filed under seal on June 5, 2018, pursuant to Local Civil Rules 5(B) and 7(C)(1).
[2] The parties seem to be confused about the date the ALJ's decision was issued. Plaintiff states that the ALJ denied Plaintiff's claim on September 22, 2016. ECF No. 11 at 2. The Commissioner states the ALJ's decision was issued on March 29, 2017. ECF No. 14 at 5. Upon review of the ALJ's decision, the Court notes that the ALJ's decision was rendered on April 3, 2017. R. at 11.

on August 18, 2018, ECF Nos. 13-14. As such, this matter is now ripe for recommended disposition.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff was born on April 27, 1958, and was fifty-five years old at the time of his alleged disability onset date. R. at 145. On November 8, 2016, Plaintiff appeared and testified before the ALJ at the administrative hearing. R. at 33-47. Barbara Byers, an impartial vocational expert ("VE"), also appeared and testified. R. at 47-51. The record included the following factual background for the ALJ to review:[3]

Plaintiff completed high school and approximately one year of community college. R. at 34-35. Plaintiff served in the United States Marine Corps for three years, worked as a firefighter for twenty-five years, and worked part-time as an airport runway security guard. R. at 38, 48, 643. At the administrative hearing, Plaintiff testified that his security guard duties included standing in a booth and checking credentials for people conducting business on the runway. R. at 36. Plaintiff further testified that he might check in "one person a day." R. at 40. Plaintiff has not worked since the alleged disability onset date. R. at 16, 149.

Related to his alleged impairments, Plaintiff stated he is prevented from working due to loss of focus, back pain, and difficulty dealing with other people. R. at 37, 39. In particular, Plaintiff testified that he has trouble hearing people talk and that their voices "fade in and out." R. at 37. Plaintiff also stated that he loses track of what he is doing and that he suffers from chronic back pain. R. at 39. On a typical day, Plaintiff testified that he watches television, cleans his apartment, and prepares his own meals. R. at 41. Plaintiff stated that he lives alone and is able do his own laundry and grocery shopping. R. at 41-43. However, Plaintiff testified that he shops for

---

[3] The Court need not recite Plaintiff's relevant medical history, as Plaintiff stated in his Motion for Summary Judgment that "Plaintiff does not assert any error with respect to the ALJ's factual findings." ECF No. 11 at 2.

3

groceries "quickly" to avoid being around other people. R. at 41. Plaintiff does not attend church, dine out, or visit friends outside of his home. R. at 43-44.

### III. THE ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

The ALJ conducted a five-step sequential evaluation process to determine whether Plaintiff was disabled. 20 C.F.R. § 404.1520(a). The ALJ must determine if:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.

*Strong v. Astrue*, No. 8:10-cv-00357, 2011 WL 2938084, at *3 (D.S.C. June 27, 2011) (citing 20 C.F.R. §§ 404.1520, 416.920); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (noting that substantial gainful activity is "work activity performed for pay or profit."); *Underwood v. Ribicoff*, F. 2d 850, 851 (4th Cir. 1962) (noting that there are four elements of proof to make a finding of whether a claimant is able to engage in substantial gainful activity). "An affirmative answer to question one, or negative answers to question two or four, result in a determination of no disability. Affirmative answers to questions three or five establish disability." *Jackson v. Colvin*, No. 2:13cv357, 2014 WL 2859149, at *10 (E.D. Va. June 23, 2014) (citing 20 C.F.R. § 404.1520).

Under this sequential analysis, the ALJ made the following findings of fact and conclusions of law: First, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of June 1, 2013, through his date last insured of December 31, 2015. R. at 16. Second, the ALJ determined that Plaintiff suffered from the following severe impairments: diabetes mellitus, chronic kidney disease, a chronic T12 compression fracture, and depression/adjustment disorder. R. at 16. Regarding Plaintiff's mental impairments, the ALJ noted that medical records from the Wilkes-Barre Veterans Affairs Medical Center ("VAMC")

4

document treatment for depression/adjustment disorder. R. at 16. Plaintiff also required inpatient treatment in April 2015 for depression and thoughts of suicide. R. at 16. The ALJ concluded that Plaintiff's impairments limited his ability to perform basic work activities by restricting his capacity to perform exertional activities such as lifting and carrying heavy objects, and non-exertional activities such as interacting with others in the work setting. R. at 16.

Third, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. R. at 17-18. In reaching this conclusion, the ALJ considered both the severity and duration of each impairment. R. at 18. In order to satisfy the criteria to meet or medically equal the severity of one of the listed impairments, a mental impairment must result in at least one extreme or two marked limitations in the broad areas of functioning which include: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves.[4]

The ALJ found that Plaintiff had only mild limitations in understanding, remembering, and applying information. R. at 18. In interacting with others, the ALJ determined that Plaintiff had moderate limitations due to his depression and anxiety affecting his ability to handle the stress of dealing with others in the workplace on a frequent basis. R. at 18-19. With regard to concentration, persistence, or pace, the ALJ determined that Plaintiff had mild limitations, and noted that working at a production pace would likely increase his level of stress. R. at 19. Finally, the ALJ found that Plaintiff had no significant limitations in adapting or managing oneself. R. at 19. Thus, because Plaintiff's mental impairments did not result in at least two "marked" limitations or one "extreme"

---

[4] A "marked" limitation means functioning in this area independently, appropriately, effectively and on a sustained basis is seriously limited. R. at 18. An "extreme" limitation is the inability to function independently, appropriately or effectively, and on a sustained basis. R. at 18.

5

limitation, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. R. at 19.

Fourth, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that Plaintiff could perform work activities that required no more than occasional interaction with supervisors, co-workers, and the public. R. at 19. While the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by Plaintiff, the ALJ found that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. at 22.

The ALJ noted that the record through the date last insured did not support a finding that Plaintiff's mental limitations were as limiting as Plaintiff alleged. R. at 20. The ALJ noted that Plaintiff alleged an inability to work due to loss of focus, back pain and difficulty dealing with other people. R. at 20. Plaintiff testified at the hearing that he has trouble hearing people talk and that the voices "fade in and out." R. at 37. The ALJ noted that medical evidence showed that Plaintiff had a hearing problem, but that his treating physicians did not report significant issues with communication. R. at 20.

Finally, the ALJ determined that through the date last insured, Plaintiff was capable of performing his past relevant work as a security guard as he actually performed that job. R. at 22. The ALJ noted that Plaintiff worked as a security guard in a booth on an airport runway where he was responsible for checking the credentials of people accessing the area. R. at 23. In making his determination, the ALJ considered VE testimony in which the VE testified that based on Plaintiff's

own description of his job duties as an airport security guard, Plaintiff retained the capacity to perform his past work as an airport security guard. R. at 23. The ALJ noted that Plaintiff testified that he only had to check the credentials of maybe "one person a day." R. at 23, 40. Therefore, the ALJ found, considering the physical and mental demands of his past work and Plaintiff's RFC, that Plaintiff could perform his past work. R. at 23.

## IV. STANDARD OF REVIEW

The SSA limits the Court's review of the Commissioner's final decision to determining whether substantial evidence supports the decision in the record and whether the ALJ applied the correct legal standard in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 1996) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for the decision falls on the [Commissioner] (or the [Commissioner's] delegate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and applies the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Additionally, this Court may not consider evidence that was not

7

before the Commissioner at the time of the decision. *See Miller v. Barnhart*, 64 F. App'x 858, 859 (4th Cir. 2003) (citing *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996)); *see also United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963) ("the reviewing function is one ordinarily limited to consideration of the decision of the agency or court below and of the evidence on which it was based.").

## V. ANALYSIS

In his Motion for Summary Judgment, Plaintiff specifically states that he does not assert any error with respect to the ALJ's factual findings. ECF No. 11 at 2. Rather, Plaintiff's sole legal argument is that the ALJ erred in failing to reconcile his own finding that Plaintiff had mild limitations in concentration, persistence and pace with his finding that Plaintiff could perform his past job as an airport security guard. *Id.* at 2-3. Specifically, Plaintiff contends that the ALJ's "failure to indicate how his step three finding influenced his RFC" is an error. *Id.* at 4. Plaintiff contends that "[w]hen the ALJ's RFC does not describe with specificity all the practical effects of all of the claimant's demonstrated impairments, the RFC is contrary to law." *Id.* (emphasis in original). Moreover, Plaintiff asserts that the VE testimony, which Plaintiff alleges is based upon an inaccurate RFC, is not substantial evidence that may support the ALJ's denial of benefits. *Id.*

Responsively, the Commissioner argues Plaintiff's claim fails for two reasons. First, the Commissioner contends the ALJ's conclusion that Plaintiff's concentration, persistence and pace limitations were "mild" and non-severe meant that such mental limitations did not translate into work-related limitations. ECF No. 14 at 1. Second, the ALJ specifically considered evidence regarding whether Plaintiff's mild limitations in concentration, persistence and pace caused work-related limitations, including testimony from a vocational expert who testified that Plaintiff could perform his past job as a security guard based on his own description of his job duties, and, based

8

on that evidence, the ALJ reasonably concluded that such mental limitations did not translate into work-related limitations. *Id.* at 2.

### A. The ALJ Did Not Err in Failing to Account for Plaintiff's Mild Limitations in the RFC.

As to Plaintiff's first argument, Plaintiff contends that the ALJ failed to account for Plaintiff's mild limitation in concentration, persistence and pace in the RFC. ECF No. 11 at 4. While Plaintiff does not specifically request that the Court conduct a *Mascio* analysis, the Court must consider *Mascio* to adequately address Plaintiff's argument.

In *Mascio*, the Fourth Circuit held that the ALJ erred by failing to explain why the plaintiff's moderate limitation in her ability to maintain concentration, persistence or pace at step three did not translate into a functional limitation in the RFC, and that absent such explanation, remand was necessary. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Thus, *Mascio*'s holding requires the ALJ to specifically account for a plaintiff's "moderate" limitations in his RFC analysis. *Id.* It appears Plaintiff is requesting the Court to hold the ALJ to the same standard as it pertains to mild limitations. However, the *Mascio* holding is specific in that it is limited to moderate limitations of concentration, persistence and pace. *Mascio* does not appear to require that an ALJ provide an explanation when a plaintiff's mild limitations fail to result in limitations in the RFC. *Id. Mascio* did not provide that remand was required when the ALJ failed to give an explanation in the presence of mild limitations only. While district courts within the Fourth Circuit appear divided as to whether an extension of *Mascio*'s holding to address mild limitations is appropriate,[5] in the undersigned's judgment such an extension is not an appropriate finding this

---

[5] While some courts have interpreted *Mascio* to extend to mild limitations, these interpretations are merely persuasive authority and are therefore not binding on the Court. *See Rowland v. Colvin*, No. &:15-CV-00099-RJ, 2016 U.S. Dist. LEXIS 132190 (E.D.N.C. Sep. 27, 2016); *McMichael v. Colvin*, No. 1:15-CV-528, 2016 U.S. Dist. LEXIS 118279 (M.D.N.C. Aug. 31, 2016); *Thompson v. Colvin*, No. 1:15-CV-00234-FDW, 2016 U.S. Dist. LEXIS 86099 (W.D.N.C. July 1, 2016). *But see Hodge v. Berryhill*, No. 1:17-CV-678, U.S. Dist. LEXIS 147053 (M.D.N.C. Aug. 29, 2018); *Humphries v. Colvin*, 3:15-CV-376-GCM-DCK, 2017 WL 525666 (W.D.N.C. Oct. 17, 2016).

Court should make. Should a finding of mild limitations require explanation by an ALJ, it is for the Fourth Circuit to so state. Therefore, the Court **FINDS** that the ALJ did not err in failing to provide for Plaintiff's mild limitations in concentration, persistence and pace in his RFC or explain his failure to do so. As such, the ALJ's RFC is supported by substantial evidence.

**B. Because the ALJ Did Not Err in Determining Plaintiff's RFC, the ALJ's Determination that Plaintiff Can Perform His Past Relevant Work is Supported by Substantial Evidence.**

In determining that Plaintiff retained the ability to perform his past relevant work as a security guard, the ALJ specifically considered evidence, including Plaintiff's own testimony and the testimony of the VE. R. at 23. First, the ALJ considered Plaintiff's testimony that he experienced decreased concentration due to depression. R. at 20, 37-39. However, the ALJ explained that Plaintiff's treating physicians did not report significant issues with communication. R. at 20. Furthermore, the ALJ noted that other medical records demonstrate that Plaintiff maintained logical, organized, and coherent thoughts and intact intelligence, full orientation, intact judgment, good insight, intact short and long-term memory, and normal concentration. R. at 745, 1912.

The ALJ also relied on testimony by the VE in determining whether Plaintiff retained the ability to perform his past relevant work as a security guard. R. at 23.[6] The VE testified that the job of security guard "falls in the light physical demand level and is semi-skilled work," and, as typically performed, "there would be more than occasional interaction with the general public" in this position. R. at 48-49. However, after hearing Plaintiff's own testimony regarding his specific duties as a security guard, the VE concluded that, based on a hypothetical with limitations that

---

[6] A VE may offer relevant evidence concerning the physical or mental demands of a plaintiff's past relevant work, either as the plaintiff actually performed it or as generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2).

10

mirror the ALJ's RFC, Plaintiff could perform his past job as a security guard because he did not have more than occasional contact with others. R. at 49.[7]

Based on the testimony of the VE, the ALJ determined that Plaintiff retained the ability to perform his past relevant work as a security guard in the manner that Plaintiff described he had performed that job in the past, as this job did not require the performance of work-related activities precluded by Plaintiff's RFC. R. at 22-23. Because the ALJ did not err in determining the RFC, the ALJ was entitled to rely on the VE's expert opinion of Plaintiff's ability to perform his past work as described in light of the functional limitations proposed by the ALJ. As such, the ALJ's finding that Plaintiff could perform his past relevant work is supported by substantial evidence.

Therefore, the Court **FINDS** that the ALJ in this case did not err in failing to reconcile his finding that Plaintiff had mild limitations in concentration, persistence and pace with his finding that Plaintiff can perform his past job as an airport security guard.

## VII. RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment, ECF No. 10, be **DENIED**, the Commissioner's Motion for Summary Judgment, ECF No. 13, be **GRANTED**, the final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED WITH PREJUDICE**.

## VIII. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

---

[7] Plaintiff argues that the job of security guard as defined by the Dictionary of Occupational Titles ("DOT") requires "flawless concentration." ECF No. 11 at 4. However, Plaintiff's own testimony provides the best evidence regarding the requirements of his past work, and as such, the DOT's explanation of how such work is typically performed is irrelevant. *See* SSR 82-92, 1982 WL 31386, at *3 ("The claimant is the primary source of vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and non-exertional demands of such work."). Plaintiff testified that, as performed, his past job as a security guard only required him to check the credentials of maybe "one person a day." R. at 40.

11

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

*/s/ Lawrence R. Leonard*
LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 21, 2019